# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

KELLY ANN MADER,                :

      Plaintiff            : CIVIL ACTION NO. 3:14-0388

      vs.                    :        (JUDGE MANNION)

CAROLYN W. COLVIN, ACTING   :
COMMISSIONER OF SOCIAL
SECURITY,                       :

      Defendant           :

## MEMORANDUM

**BACKGROUND**

The above-captioned action is an appeal pursuant to 42 U.S.C. §405(g) of a decision of the Commissioner of the Social Security Administration denying the plaintiff social security disability benefits. Under 42 U.S.C. §405(g) and relevant case law, the court is generally limited to reviewing the administrative record to determine whether the decision is supported by substantial evidence. Chapter 20 of the Local Rules for the Middle District of Pennsylvania establishes the procedural mechanism for deciding challenges to the denial of social security disability benefits.

On March 3, 2014, a Standing Practice Order and Pro Se Letter were issued which, inter alia, referred plaintiff to Local Rules 7.1 through 7.8

relating to the briefing requirements when motions are filed by a party.

On May 16, 2014, the Commissioner filed a motion to dismiss Mader's complaint and a brief in support thereof. The basis for the motion to dismiss was that Mader's complaint was untimely filed. Mader's brief in opposition was due on June 2, 2014, which gave Mader three extra days for mailing. Although the time for Mader to file an opposition brief has long passed, she has neither filed such a brief nor requested an extension of time within which to do so. Under the circumstances, we will dismiss Mader's complaint for failure to prosecute and abide by a court order and the Local Rules of Court. Furthermore, the Commissioner's position that Mader's complaint was untimely filed has substantial merit.

The Social Security Act requires that an applicant for social security disability benefits who is denied such benefits file a civil action with the appropriate federal district court within sixty days after the mailing to the applicant a notice of the final decision of the Commissioner. 42 U.S.C. §405(g). According to the Commissioner's regulations, an applicant for disability benefits may obtain review of the final decision of the Commissioner in federal court so long as a civil action is instituted within 60 days after receipt of the Appeals Council's notice of denial of a request for review. 20

C.F.R. §422.210 (a), (c) (2009). The date of receipt of the notice of denial of a request for review by the Appeals Council is considered to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary. 20 C.F.R. §422.210(c).

In the present case the final decision of the Commissioner was issued on December 9, 2013, and on that date a copy of the decision was mailed to Mader at her address of record, 41 N. Jones Street, Lock Haven, Pennsylvania. Consequently, it was presumed that Mader received the notice on Monday, December 14, 2013. Based on that date, Mader had until February 12, 2014, to file a civil action in federal court. Mader, however, did not file her complaint until March 3, 2014.

There is a procedure under the Social Security regulations for obtaining for good cause an extension of time of the 60-day limitation period by applying to the Appeals Council for such an extension. 20 C.F.R. §422.210(c). Mader did not take advantage of that procedure.

Because it is the Commissioner who has the authority to equitably toll the limitation period for good cause, it is doubtful that we have any authority in the first instance to do so, i.e., the Appeals Council should be given the first opportunity to address the issue. In any event in light of the

circumstances presented, we do not see any basis for equitable tolling by us. Consequently, we will dismiss Mader's complaint without prejudice to any right she may have to seek an extension of time from the Appeals Council.

An appropriate order will be entered

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

Date: October 15, 2014
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-0388-01.wpd